UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| LUMASTREAM, INC., | Case No. 8:20-bk-00999-CPM |
| Debtor. _____/ | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING
REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a),
361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE
4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

**STATEMENT OF RELIEF REQUESTED**

**The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with a proposed budget which will be filed with the Court in advance of the initial hearing on this motion. The Debtor believes that E Craftsman Corporation and John Windt may assert perfected security interests in cash collateral. As adequate protection, the Debtor proposes to grant E Craftsman Corporation and John Windt replacement liens to the same extent, validity, and priority as existed as of the Petition Date.**

---

LUMASTREAM, INC., as debtor and debtor in possession (the "**Debtor**" or "**LumaStream**") respectfully requests the entry of an order authorizing the use of cash collateral and, in support thereof, represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought herein are Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3. On February 5, 2020 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code.

4. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. LumaStream is a technology company whose core competency is built around the digital conversion of power and efficient energy distribution. LumaStream has invented technology, protected by 23 granted patents, that fundamentally changes and improves the way power is distributed in buildings.

## Summary of Prepetition Secured Indebtedness Against Cash Collateral[1]

6. Prior to the filing of this Chapter 11 case, the Debtor and E Craftsman Corporation ("**ECC**"), executed that certain Unconditional Guaranty dated August 10, 2015 ("**Guaranty**"), in conjunction with a forbearance agreement between ECC and LumaStream Canada ULC, an unlimited liability corporation formed under the laws of the Providence of Alberta, which is wholly owned by the Debtor. Pursuant to the Guaranty, the Debtor pledged as collateral its intellectual property, accounts receivable, equipment, furniture and fixtures, and inventory. However, ECC's security interest in accounts receivable is subordinate only to specific purchase orders and the proceeds from those orders in connection with the Windt Note as defined and discussed below.

---

[1] There are other parties that assert secured claims which do not appear to have liens against cash collateral. The secured creditors and their liens are discussed in the Debtor's Case Management Summary.

7. On August 29, 2019, the Debtor and John Windt ("**Windt**") executed that certain Promissory Note in the principal sum of $1,000,000 ("**Windt Note**"). The Windt Note is secured by specific purchase orders with customers and in the proceeds thereof, including any accounts receivable, whose security interest in specifically identified accounts receivable is superior to ECC.

8. Prior to the filing of the Chapter 11 case, ECC and Windt filed UCC-1 financing statements with the Delaware Secured Transaction Registry reflecting the lien granted by the Debtor.

9. The Debtor believes that ECC and Windt may assert liens on and security interests in all of its assets, including present and future accounts, inventory, and deposit accounts. Accordingly, ECC and Windt may have an interest in the Debtor's cash collateral within the meaning of 11 U.S.C. § 363(a) (the "**Cash Collateral**").

10. The Debtor intends to use Cash Collateral to pay its operating expenses and costs of administering this Chapter 11 case.

### Relief Requested and Grounds for Relief

11. By this Motion, the Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit A** authorizing the use of Cash Collateral, in accordance with a budget to be filed with the Court in advance of the initial hearing, to fund its operating expenses and costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estates pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral for:

    a. payroll;

    b. insurance, including worker's compensation, health insurance, and general liability insurance;

      c.      payment of utilities;

      d.      other payments necessary to sustain continued business operations;

      e.      care, maintenance, and preservation of the Debtor's assets; and

      f.      costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations.

      12.      The Debtor requests authorization to use Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

      13.      There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Bankruptcy Rules to be held before the Debtor must use Cash Collateral. If this Motion is not considered on an emergency basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets. To continue its business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact the value of the collateral securing any secured indebtedness (the "**Collateral**"). Indeed, it is in the best interest of ECC that the Debtor use Cash Collateral, if such usage will preserve the value of the Collateral.

14. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to Section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

15. In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant to ECC and Windt, as adequate protection, replacement liens to the same extent, validity, and priority as existed on the Petition Date. In other words, the Debtor proposes that ECC and Windt's "floating" liens on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code. The Debtor asserts that the interests of ECC and Windt will be adequately protected by the replacement liens.

16. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease and its assets will have only liquidation value.

17. This Motion is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of ECC and Windt's asserted liens.

WHEREFORE, the Debtor respectfully requests that this Court: (1) enter an interim order granting this motion and authorizing the interim use of Cash Collateral; (2) schedule the initial

hearing on this motion; (3) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) provide for such other and further relief as may be just and proper.

*/s/ Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
Susan Heath Sharp (FBN 0716421)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com
ssharp@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* has been furnished on this 10th day of February, 2020, by either the Court's CM/ECF system, electronic mail, certified mail, or U.S. mail to:

All parties receiving CM/ECF service
20 Largest Unsecured Creditors

E-Craftsmen
73 Schaefer Street
Waterloo, Ontario N2L 4C4
Canada

John Glasscock
175 First St. South, #1505
St. Petersburg FL 33701

John Windt
1591 Montmorency Dr.
Vienna, VA  22182

                                                   */s/ Scott A. Stichter*
                                                   Scott A. Stichter

CliftonLarsonAllen
P O BOX 740863
Atlanta, GA 30374-0863

Dobbs Stanford
2715  Electronic Lane
Dallas, TX 75220

Environmental Lights
P.O. Box 784792
Philadelphia, PA 19178-4792

Exact Software NA LLC
33045 Collection Center Drive
Chicago, IL 60693-0330

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Future Electronics
9600 Kroger Blvd., #245
Saint Petersburg, FL 33702

GSFT 2201 1st Ave S LLC
2214 NW 1st Place
Miami, FL 33127

ICTC
16090 Flight Path Drive
Brooksville, FL 34604-6852

Integrated Cable Solutions
5905 Johns Rd., Suite 101
Tampa, FL 33634

Inter Outstanding Electronics
53-5 Zhen Shan, Po Chen Road
Yuan Shan Hsiang, I-LA

L P Hench Company, Inc.
2701 Vista Parkway, Suite A10
West Palm Beach, FL 33411

Livingston International Inc
PO BOX 5640, Terminal A
Toronto, ON M5W 1P1
Canada

Magic Power Technology Co.
9F-6, NO268 Lien Cheng Rd.
Chung-Ho City,
New Taipei City 23553

Perron Enterprises, Inc.
2650 W. 2nd Ave, Unit 15
Denver, CO 80237

RIO Grande Rep Company
924 W 1ST AVE
Denver, CO 80223

SG Western
501 Herondo St., #52
Hermosa Beach, CA 90254

St. Petersburg College
Tammie Calvert/EPI
PO BOX 13489
Saint Petersburg, FL 33733

TUV SUD America
PO Box 536415
Pittsburgh, PA 15253-5906

UnitedHealth of Florida
Dept CH 10151
Palatine, IL 60055-0151

Vision 2 Marketing
642 W Iris Dr.
Nashville, TN 37204

# EXHIBIT A

Case 8:20-bk-00999-CPM    Doc 14    Filed 02/10/20    Page 9 of 15

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

LUMASTREAM, INC.,                                         Case No. 8:20-bk-00999-CPM

      Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH
COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO
SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE
AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

THIS CASE came before the Court for hearing on February **, 2020 at *** p.m. (the "**Hearing**"), for consideration of the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 55 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure* (Doc. No. 19) (the "**Motion**").[1] The Motion seeks the entry of interim and final orders authorizing the Debtor to use the "Cash Collateral", as defined in Section

---

[1] Unless otherwise defined herein, capitalized terms used in this Interim Order shall have the meaning ascribed to such terms in the Motion.

363(a) of the Bankruptcy Code, as specifically described and limited to the Cash Collateral described in section 4 below.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) ECC and Windt, (iii) all known secured creditors of the Debtor, and (iv) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1. Notice of the Motion and the Hearing was adequate and appropriate in the current circumstances of this case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____, 2020.

3. All persons and entities owing monies to the Debtor are authorized and directed to pay the monies to the Debtor, without setoff, which sums shall upon collection by the Debtor constitute Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code).

4. The Debtor is authorized to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from their business operations in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by

more than ten percent (10%) for any such week on a cumulative basis (the "**Variance**"). Notwithstanding the foregoing, subject to the provisions of paragraph 10 of this Interim Order, expenditures in excess of the Variance or not in the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

5. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to ECC and Windt, pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to ECC and Windt's interests in the Cash Collateral, ECC and Windt, are granted a replacement lien (the "**Replacement Lien**") in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that ECC and Windt held as of the Petition Date.

6. The Debtor shall timely perform all obligations of a debtor in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

7. The Debtor shall maintain insurance coverage for the Collateral in accordance with any of its obligations under any loan and security documents.

8. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of Debtor, Debtor shall grant to ECC and Windt access to Debtor's business records and premises for inspection.

9. This Interim Order is not and shall not be construed as a determination as to whether or not any creditor has a valid lien on any property of the Debtor or the estate. This

Interim Order is not and shall not be construed as a determination as to the extent or amount of any secured claim associated with any such lien.

10. This Interim Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Interim Order shall be deemed to constitute a waiver of any party's rights.

11. This Interim Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

12. This Interim Order is without prejudice to: (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to ECC and Windt.

13. The provisions of this Interim Order are without prejudice to the rights of the U.S. Trustee to appoint a committee or any rights of a duly appointed committee to challenge the validity, priority or extent of any lien(s) asserted against cash collateral.

14. It shall be an event of default if the Debtor exceeds the Variance without the prior written consent of ECC and Windt, which consent shall not be unreasonably withheld; provided, however, in the event of a default, the Debtor's authority to use Cash Collateral shall continue until ECC and Windt obtain an order by appropriate motion after notice and hearing requiring the Debtor to cease using Cash Collateral.

15. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

5

16. The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

17. The Court shall retain jurisdiction to enforce the terms of this Interim Order.

*Attorney Scott A. Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*

5

# EXHIBIT A