UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                         Chapter 11

LUMASTREAM, INC.,                                 Case No. 8:20-bk-00999-CPM

    Debtor.                                              *Emergency Hearing Requested*
_____/

### DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO PAY PREPETITION WAGES, SALARIES, AND OTHER EMPLOYEE BENEFITS

LUMASTREAM, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests the entry of an order authorizing the payment of prepetition wages, salaries, and other employee benefits and, in support thereof, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are Sections 105 and 363 of the Bankruptcy Code.

### Background

2.    On February 5, 2020, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.    The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    The Debtor is a Delaware corporation with its principal office located in St. Petersburg, Florida. The Debtor manufactures lighting products as well as develops and produces

lighting systems, with LED light fixtures, digital power conversion systems, lighting control systems, and related electronic products.

## Relief Requested

4.  The Debtor seeks authorization to pay all prepetition employee related obligations including, but not limited to, wages, salaries, compensation, employee benefits, 401(k) contributions, and reimbursable business expenses.

5.  As of the Petition Date, the Debtor employed eight people — six full-time employees and two part-time employees (the "**Employees**"), all of whom continue to be employed by the Debtor.

6.  As of the Petition Date, the Employees had accrued two days of prepetition wages, salaries, employee benefits, and reimbursable business expenses (collectively, the "**Prepetition Employee Obligations**") in the amount of $9,000.00 for the payroll period from January 31, 2020 through February 14, 2020, the payment of which must be funded by the Debtor by February 21, 2020.

## Grounds for Relief

7.  It is well-settled that a bankruptcy court may authorize the payment of prepetition obligations where necessary to facilitate a reorganization. Payment of prepetition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay prepetition obligations posed a real and significant threat to a debtor's reorganization. *See Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . .[crucial] business relations"); *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (payment of claims of creditors authorized under the "necessity of payment" doctrine); *In the*

*Matter of Penn Central Transport*, 467 F.2d 100, 102, n. 1 (3d Cir. 1972) (bankruptcy court has authority to sanction payment of claims under the "necessity of payment" doctrine for service essential to the debtor's business); and *In re Ionosphere Clubs, Inc.,* 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (approving payment of certain prepetition wage, salary, medical benefit and business expense claims justified under the necessity of payment of doctrine).

8. The statutory basis for the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. §105(a).

9. The Bankruptcy Code prohibits paying prepetition claims without specific court authorization. However, every employee is entitled to a priority claim of up to $13,650.00 for compensation earned in the one hundred eighty (180) day period preceding the Petition Date. The Prepetition Employee Obligations are under the priority amount for the prepetition portion of the payroll to be paid postpetition.

10. Retaining the Employees is critical to sustain operations pending a going concern sale. The Debtor would not be able to replace these Employees without a significant disruption and substantial delays. In order to maximize the value of the Debtor's assets through a sale transaction, it is imperative that the Debtor maintain the Employees, many of whom have been employed by the Debtor for many years. In addition to their familiarity with the Debtor's structure and day-to-day operations, many of the Employees possess special skills that are necessary to the Debtor's continued operations. In short, these Employees are vital to the Debtor's continued success.

11. Each of the Employees performed necessary and valuable services for the Debtor prior to the Petition Date and performed those services with the expectation that wage and wage-related commitments would be honored. The failure to honor its obligations to Employees is likely to lower morale among the Employees and cause concern among the Employees regarding the Debtor's intentions to honor its ongoing obligations. The Debtor cannot afford to lose the support of its Employees at a time when the Debtor must operate more efficiently and meet more administrative burdens than before. In addition, several prospective purchasers have indicated a strong desire to retain the Debtor's manufacturing employees. Loss of these key employees could have a detrimental effect on the sale.

12. In addition, most of the Employees depend upon their salaries to meet their basic living expenses. Certain Employees, if not paid timely, will leave immediately. Others may suffer serious financial difficulties if the relief requested is not granted.

13. Because payment of the Prepetition Employee Obligations is absolutely crucial to the preservation and protection of the Debtor's business and, ultimately, to its successful reorganization under Chapter 11, this Court may order such payment under the "necessity of payment" doctrine and Section 105(a) of the Bankruptcy Code. Indeed, there is ample precedent for authorizing such payments. *See, e.g.*, *Ionosphere Clubs, Inc.*, 98 B.R. at 174.

14. Pursuant to § 346(f) of the Bankruptcy Code, the Debtor proposes to withhold or cause to be withheld from any payment to Employees those amounts required to be withheld under applicable federal, state or local tax law, and will pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law. Further, the Debtor requests that it be permitted to pay all costs and make all deductions incident to the Prepetition Employee Obligations.

15. Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim that arose before the Petition Date within twenty one (21) days after the filing of the petition if the relief is necessary to avoid immediate and irreparable harm.

16. The Employees are integral to the Debtor's operations. Failure to satisfy obligations with respect to the Employees in the ordinary course of business during the first twenty-one (21) days of this case will jeopardize the Debtor's reorganization efforts.

17. Moreover, the vast majority of the Employees rely exclusively on their compensation, benefits and reimbursement of their expenses to continue to pay their daily living expenses, and these Employees will be exposed to significant financial difficulties if the Debtor is not permitted to pay the employees in the ordinary course of business. Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Prepetition Employee Obligations.

18. The Debtor further seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

WHEREFORE, the Debtor respectfully requests that this Court enter an order (a) granting this motion; (b) authorizing the Debtor to pay the Prepetition Employee Obligations set forth above; (c) authorizing the Debtor to withhold from the Prepetition Employee Obligations those amounts required to be withheld under applicable federal, state or local tax law, and pay such withheld amount to the appropriate governmental unit at the time and in the manner required by such tax law; (d) authorizing the Debtor to pay all costs and make all deductions

incident to the Prepetition Employee Obligations, including but not limited to payroll processing costs; and (e) providing such other and further relief as is just and proper.

        */s/ Scott A. Stichter*
        Scott A. Stichter (FBN 0710679)
        Susan Heath Sharp (FBN 0716421)
        Stichter Riedel Blain & Postler, P.A.
        110 East Madison Street, Suite 200
        Tampa, Florida 33602
        Telephone: (813) 229-0144
        Email: sstichter@srbp.com
                ssharp@srbp.com
        Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Authorization to Pay Prepetition Wages, Salaries, and Other Employee Benefits* has been furnished on this 11th day of February, 2020, by either the Court's CM/ECF system or by U.S. mail to:

20 Largest Unsecured Creditors

E-Craftsmen
73 Schaefer Street
Waterloo, Ontario N2L 4C4
Canada

John Glasscock
175 First St. South, #1505
St. Petersburg FL 33701

John Windt
1591 Montmorency Dr.
Vienna, VA  22182

        */s/ Scott A. Stichter*
        Scott A. Stichter

CliftonLarsonAllen
P O BOX 740863
Atlanta, GA 30374-0863

Dobbs Stanford
2715  Electronic Lane
Dallas, TX 75220

Environmental Lights
P.O. Box 784792
Philadelphia, PA 19178-4792

Exact Software NA LLC
33045 Collection Center Drive
Chicago, IL 60693-0330

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Future Electronics
9600 Kroger Blvd., #245
Saint Petersburg, FL 33702

GSFT 2201 1st Ave S LLC
2214 NW 1st Place
Miami, FL 33127

ICTC
16090 Flight Path Drive
Brooksville, FL 34604-6852

Integrated Cable Solutions
5905 Johns Rd., Suite 101
Tampa, FL 33634

Inter Outstanding Electronics
53-5 Zhen Shan, Po Chen Road
Yuan Shan Hsiang, I-LA

L P Hench Company, Inc.
2701 Vista Parkway, Suite A10
West Palm Beach, FL 33411

Livingston International Inc
PO BOX 5640, Terminal A
Toronto, ON M5W 1P1
Canada

Magic Power Technology Co.
9F-6, NO268 Lien Cheng Rd.
Chung-Ho City,
New Taipei City 23553

Perron Enterprises, Inc.
2650 W. 2nd Ave, Unit 15
Denver, CO 80237

RIO Grande Rep Company
924 W 1ST AVE
Denver, CO 80223

SG Western
501 Herondo St., #52
Hermosa Beach, CA 90254

St. Petersburg College
Tammie Calvert/EPI
PO BOX 13489
Saint Petersburg, FL 33733

TUV SUD America
PO Box 536415
Pittsburgh, PA 15253-5906

UnitedHealth of Florida
Dept CH 10151
Palatine, IL 60055-0151

Vision 2 Marketing
642 W Iris Dr.
Nashville, TN 37204